IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DeANDRE D. CURRINGTON,               )
                                     )
    Plaintiff,                   )
                                     )
v.                                   )          CASE NO. 1:23-CV-157-RAH-CSC
                                     )
                                     )
SCOTT SOLTYS,                        )
                                     )
    Defendant.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action on March 23, 2023, against Correctional Officer Scott Soltys.   Plaintiff alleges that Defendant supplied false information to the District Attorney which caused him to be falsely imprisoned. (Doc. 1 at p. 3).   Hereafter, this case will be referred to as "*Currington* 2".   In *Currington* 2, Plaintiff attested multiple times that he had not "begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action." (Doc. 1 at pp. 1-2).   Also, in "*Currington* 2", Plaintiff attested by signature in his complaint, "I declare under penalty of perjury that the foregoing is true and correct." (Doc. 1 at p. 4).

However, previously on February 6, 2023, Plaintiff filed another lawsuit against Defendant Soltys alleging the same false imprisonment claim based upon false information provided about him by Defendant Soltys to the District Attorney.   *See Currington v. Soltys*, 1:23-cv-73-MHT-CSC, Doc. 1 at p. 5, "*Currington* 1". *Currington* 1 is currently pending before this Court, contrary to Plaintiff's affirmations in his complaint in *Currington* 2.   Moreover, the allegations in

−1−

*Currington* 2 mirror those in *Currington* 1, and the same sole Defendant is named in both cases.

The Court issued an Order requiring Plaintiff to show cause why this action should not be dismissed based upon his failure to disclose the pendency of "*Currington* 1". (Doc. 10). In response, Plaintiff stated that his failure to list "*Currington* 1" as a previously filed case in his complaint in "*Currington* 2" was an honest mistake based upon his misunderstanding of the question. (Doc. 11 at pp. 3-4). However, Plaintiff does not dispute that "*Currington* 1" and "*Currington* 2" contain identical allegations against the same Defendant and that both are pending before this Court at this time. No does he disavow his knowledge of filing either case. (Doc. 11 pp. 1-6). Thus, based upon the Court's view of the pleadings filed in this matter, those filed in "*Currington* 1, and Currington's other case filings in this Court, the Court concludes that this action is due to be dismissed without prejudice for the reasons stated below.

## I. DISCUSSION

Under 28 U.S.C. §1915(A)(b)(1) or its corollary 28 U.S.C. § 1915 (e)(2)(B), an inmate who has been allowed to proceed *in forma pauperis* shall have his case dismissed at any time if the court determines that the action is frivolous or malicious. *See Daker v. Ward,* 999 F. 3d 1300, 1308-10 (11th Cir. 2021) (Affirming dismissal without prejudice pursuant to 28 U.S.C. 1915A(b)(1) based on Plaintiff's knowing filing of a complaint duplicative of a pending action). Indeed, when Plaintiff filed *Currington* 2, he failed to disclose that he had previously filed *Currington* 1 on the same basis, even though the complaint form specifically requested this information and he signed the complaint form under penalty of perjury.

The Plaintiff has represented to the Court that his repetitive filing of *Currington* 2 and his failure to disclose the pendency of *Currington* 1 was an honest mistake based upon his

misunderstanding of the status of his prior cases.   (Doc. 11 at pp. 3-4).   Plaintiff's confusion is understandable, even if his veracity is questionable, because in fact Plaintiff had also filed an additional case which mirrors the instant action and *Currington* 1.   Indeed, a review of the Court's docket indicates that prior to filing either *Currington* 1 or 2, Plaintiff filed a complaint on August 18, 2021, in *Currington v. Soltyz*, 1:21-cv-550-WKW-CWB, wherein he alleged the same false imprisonment claim against Defendant Soltyz, based on Soltyz allegedly providing false information to the District Attorney which led to his alleged unlawful arrest.   On May 27, 2022, *Currington,* 1:21-cv-550 was dismissed by the district court without prejudice for failure to prosecute. *Id.,* docs. 21 and 22.   Thereafter, the Eleventh Circuit dismissed Plaintiff's appeal of this action on January 4, 2023.   *Id.,* doc. 32.

Even assuming Plaintiff's misrepresentation concerning prior identical pending actions was unintentional, the fact remains that Currington 2, is duplicative and repetitive of Currington 1, a currently pending and previously filed action.   Plaintiff is a prolific filer; since filing *Currington,* 1:21-cv-550, on August 18, 2021, he has filed seven additional actions in this Court, two of which have been dismissed.[1]   At this time Plaintiff has three cases[2] in addition to *Currington* 1 and *Currington* 2, pending before this Court.   For these reasons, the Court concludes, even if Plaintiff were confused about the status of *Currington v. Soltyz*, 1:21-cv-550-WKW-CWB, the record demonstrates he knowingly filed the complaint in *Currington* 2 less than two months after filing an identical complaint in *Currington* 1 and while continuing to file post-

---

1 *Currington v. Crow,* 1:22-cv-475-WKW-CWB, filed August 11, 2022, and *Currington v. Juneau,* 1:22-cv-518-WKW-CWB filed August 31, 2022.
2 *Currington v. Juneno,* 1:22-cv-397-MHT-CSC filed July 7, 2022; *Currington v. Bynum,* 1:23-cv-93-RAH-CSC filed February 13, 2023, and *Currington v. Bynum,* 1:23-cv-120-MHT-SMD filed March 1, 2023.

appeal motions in *Currington,* 1:21-cv-550, (*See* doc. 37-Motion for leave to amend complaint filed March 13, 2023).   Thus, for the reasons discussed above, the Court concludes that this action is due to be dismissed without prejudice as malicious under 42 U.S.C. § 1915A(b)(1) because Plaintiff knowingly filed the complaint in the instant action, which is duplicative of *Currington* 1, which is still pending in this Court. *See Daker,* 999 F. 3d at 1308-10 (11th Cir. 2021).

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this 42 U.S.C. § 1983 action be DISMISSED without prejudice as malicious pursuant to the provisions of 28 U.S.C. § 1915A(b)(1).

On or before **June 16, 2023,** Plaintiff may file objections to the Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.   Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.   11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794

(11th Cir. 1989).

Done, this 1st day of June 2023.

_____/s/_____ Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE